# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERVIN MIDDLETON JR., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, NA, *et al.*, <br><br> Defendants. | Case No.: 2:20-cv-00426-KJD-DJA <br><br> **ORDER** |

Pending before the Court is Defendants Wells Fargo Bank, N.A. and Bank of America, N.A.'s Joint Motion to Stay Discovery Pending Outcome of Motions to Dismiss (ECF No. 44), filed on May 13, 2020. Defendant Nationstar Mortgage LLC dba Mr. Cooper filed a Joinder (ECF No. 46) on May 13, 2020. Any response to the Motion was due by May 27, 2020. To date, no response has been filed. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1.

Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *see also Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter

jurisdiction).  Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed.  *See, e.g., Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case.  *Tradebay*, 278 F.R.D. at 602-603.  In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery.  *Id.*  This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1."  *Id.* (citation omitted).  That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery.  *Turner Broadcasting*, 175 F.R.D. at 556.  An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases.

Plaintiffs have failed to file points and authorities in response to the motion, which "constitutes a consent to the granting of the motion."  LR 7-2(d).  Moreover, after taking a preliminary peek at the pending Motions to Dismiss briefing, the Court finds that Defendants have carried their heavy burden of establishing that discovery should be stayed.  The issues before the Court in the pending Motions (ECF Nos. 15 and 39) do not require further discovery as they have been fully briefed.  Additionally, discovery is expensive and resolving issues that may result in the full dismissal of this case at the earliest possible stage of litigation is important.  The Court is not convinced that Plaintiff will survive Defendants' challenges in the Motions, but notes, of course, that its view "may be very different than how the assigned district judge will see the . . . picture."

*AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, 2012 WL 4846152, *4 (D. Nev. Oct. 10, 2012). As such, the Court finds this is a case where a temporary stay of discovery will further the goal of judicial economy.

IT IS HEREBY ORDERED that Defendants Wells Fargo Bank, N.A. and Bank of America, N.A.'s Joint Motion to Stay Discovery Pending Outcome of Motions to Dismiss (ECF No. 44) is **granted**.

IT IS FURTHER ORDERED that the parties shall meet and confer and submit a stipulated discovery plan and scheduling order within 14 days after the Court's ruling on the pending Motions to Dismiss (ECF Nos. 15 and 39), to the extent that any portion of the case survives.

Dated: May 28, 2020.

_____
Daniel J. Albregts
United States Magistrate Judge