# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERVIN MIDDLETON JR., *et al.*, <br>     Plaintiffs, <br> v. <br> BANK OF AMERICA, NA, *et al.*, <br>     Defendants. | Case No.: 2:20-cv-00426-KJD-DJA <br><br> **ORDER** |

Pending before the Court is Defendant HOA Collection, LLC's Motion to Quash Subpoena (ECF No. 82), filed on August 28, 2020. Plaintiffs filed a Response (ECF No. 84) on September 9, 2020. Defendant filed a Reply (ECF No. 85) on September 14, 2020. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1.

Defendant seeks to quash the subpoena issued on June 17, 2020 (ECF No. 68) directing it to produce evidence of assets by midnight on July 8, 2020. It argues that there was never a default judgment entered against it and the subpoena masquerading as a judgment debtor examination is improper. Plaintiffs' response is largely inarticulate, but they appear to believe they needed the financial documents of the HOA for their default judgment. Defendant replies that service was improper and there is no basis for the subpoena to have been issued so the subpoena should be quashed.

Federal Rule of Civil Procedure 26(b)(1) provides for broad and liberal discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* The court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . [or] the proposed discovery is outside the scope permitted by Rule 26(b)(1). Rule 26(b)(2)(C)(i-iii). Further, a court may limit discovery via Rule 26(c), which permits the court to issue a protective order to protect a party or

1

person from annoyance, embarrassment, oppression, or undue burden or expense when the party establishes good cause. When the discovery at issue is a subpoena on a nonparty, Rule 45 governs. "It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349 at *5 (D. Nev. Sept. 29, 2011).

As the subpoena was issued to Defendant, a party, Rule 45 is not the appropriate rule to apply to quash it. Instead, the Court will analyze Defendant's request as one for a protective order under Rule 26(c). Given the procedural posture of the case, a subpoena issued to obtain financial records in order to effectuate a judgment is not appropriate as no judgment debtor examination is necessary and Defendant has moved to set aside the default, which is pending before the District Judge. Plaintiffs may proceed through discovery with Rules 30, 33, or 34 in order to obtain discoverable information or documents via written discovery or subpoena from Defendant. Therefore, the Court will grant Defendant's request by issuing a protective order so that they do not have to respond to the existing subpoena (ECF No. 68).

**IT IS HEREBY ORDERED** that Defendant HOA Collection, LLC's Motion to Quash Subpoena (ECF No. 82) is **granted** as a protective order is issued for subpoena (ECF No. 68).

Dated: September 15, 2020.

_____
Daniel J. Albregts
United States Magistrate Judge

2