UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERVIN MIDDLETON, JR., *et al.*, | Case No. 2:20-cv-00426-KJD-DJA |
| Plaintiffs, | ORDER |
| v. | |
| BANK OF AMERICA, NA, *et al.*, | |
| Defendants. | |

Presently before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Consolidate Cases (#12). Plaintiff filed a response in opposition (#25) to which Defendant replied (#33). Having read and considered the motion, and noting that the related case, Middleton v. NV Energy, No. 2:20-cv-638-KJD-VCF, has been dismissed, the motion is denied.

Also before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' Complaint for Unauthorized Practice of Law (#39). Defendant Bank of America, N.A., joined (#43) Wells Fargo's motion. Plaintiff Middleton filed a response (#54) to which Defendant Wells replied (#55). Plaintiff Middleton then filed an Affidavit in Support of Striking Defendant's Motion (#61).

Also, before the Court is Defendant HOA Collections, LLC's Motion to Set Aside Clerk's Entry of Default (#80). Plaintiff Middleton filed a response in opposition (#84) to which Defendant HOA replied (#85). Having read and considered the motion, the Court finds insufficient service for failure to serve the complaint with the summons--Plaintiffs' process servers affidavit stated that they had served the "Summons" with no reference to the complaint. Therefore, the motion to set aside default is granted.

Finally, before the Court is Defendant Wells Fargo's Motion to Sanction Ervin Middleton, Jr. as a Vexatious Litigant (#66). Plaintiff filed a response (#70) which the Court will

construe as opposition to the motion. Defendant Wells then filed a response (#73) in support of its motion.

I. Background

Pro se Plaintiff Ervin Middleton, Jr. ("Middleton") is a serial filer of lawsuits. He has a long and unsuccessful history of litigation in this and other courts. Beginning in the second half of 2012, Middleton began an unprecedented streak of filing lawsuits. He filed two (2) small claims actions in Henderson Justice Court in 2012. He has filed thirteen (13) separate lawsuits in the Eighth Judicial District Court since 2012. He filed thirty-seven (37) cases in Nevada federal court and another sixty-four (64) separate small claims matters in Las Vegas Justice Court in that time. This is the sixth action against Wells Fargo since 2015. Plaintiff filed a seventh action against Wells Fargo in Case No. 2:20-cv-638 which the Court dismissed for Plaintiff's failure to abide by the rules of the Court and for being a vexatious litigant.

On May 19, 2015, Middleton and his wife, Ann Gates Middleton, filed suit against Wells Fargo in this Court, alleging causes of action under TILA, and seeking to rescind their home loan. See 2:15-cv-943. The Court granted Wells Fargo's motion to dismiss in its entirety. (Order, Request for Judicial Notice ("RJN") Ex. D, filed on May 11, 2020 as ECF No. 14 in 2:20-cv-00638-KJD-VCF) Following their voluntary dismissal of the appeal, the Middletons filed a number of meritless post-judgment motions, each of which was denied. On August 18, 2015, Merchants Bonding Company filed suit against the Middletons in Clark County District Court, relating to a claim pertaining to notary bond. See A-15-723271-C. The Middletons then filed a third-party complaint naming Wells Fargo based on the exact same transaction and set of facts as the prior federal action and sought quiet title to his property, even though he had defaulted on his mortgage. The court dismissed all of the Middletons' claims based on claim preclusion. (Order Granting Wells Fargo Bank, N.A.'s and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Third-Party Complaint and Motion to Strike Amended Third Party Complaint, RJN Ex. E.)

Undeterred by his losses in federal and state courts, Middleton filed a new suit against Wells Fargo on the same basis. On June 2, 2017, Middleton filed an "Action for Trespass" in

state court naming several defendants and added Wells Fargo as a defendant on September 15, 2017. See A-17-756296-C. The court dismissed the action based on claim preclusion. (Order Granting Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's 2nd Amended Cause of Action for Trespass on the Case, RJN Ex. F.) Middleton filed a subsequent action in state court on May 4, 2018 against Wells Fargo, asserting a claim of adverse possession in his quest to keep the property without payment. See A-18-773981-C. Those claims were also dismissed on the basis of claim preclusion. (Order Granting Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Amended Complaint, RJN Ex. G.)

On January 24, 2019, Middleton brought yet another complaint against Wells Fargo stating Middleton's intent to "register judgment" and establishing "Judgment in Estoppel," but failing to identify or even infer the judgment to which he refers. See 2:19-cv-00348-APG-VCF. This Court granted Wells Fargo's motion to dismiss, with leave for Middleton to file an amended complaint. (Order Resolving Pending Motions, RJN Ex. H.) Middleton failed to do so and this Court dismissed Middleton's fifth litigation against Wells Fargo on September 9, 2019. (Order Dismissing Case, RJN Ex. I.)

In this action, on March 18, 2020, Middleton brought his sixth lawsuit against Wells Fargo, including his wife, Rosalinda R. Trajano, Tanita King and Robert Koellmer as Plaintiffs, as well as naming numerous other lenders and debt collectors as defendants. Plaintiff is not a licensed attorney, yet purports to represent at least four of the Plaintiffs under a "power of attorney [.]"

II. Motion to Dismiss Complaint for Unauthorized Practice of Law

Only a licensed attorney in the State of Nevada can practice law and represent a client in state or federal court. Guerin v. Guerin, 993 P.2d 1256, 1258 (Nev. 2000) (citing Nev. Rev. Stat. § 7.285); Martinez v. Eighth Jud. Dist. Ct., 729 P.2d 487, 488 (Nev. 1986) (citing Supreme Court Rule 77; Nev. Rev. Stat. § 7.285); see also Supreme Court Rules 42–72. "[T]he practice of law is implicated whenever a person is faced with a legal issue that cannot be handled by resort to routine forms or customs, and when the person makes the decision not to rely on his or her own judgment but to obtain assistance from someone else, a stranger to the situation." In re Discipline

of Lerner, 197 P.3d 1067, 1072 (2008). "Examples of such activities include evaluating legal claims, filing documents, and appearing in court on behalf of someone else." Handley v. Bank of America, Case No. 2:10-cv-01644-RLH-PAL, 2010 WL 4607014, *1 (D. Nev. Nov. 4, 2010), citing Lerner, 197 F.3d at 1072.

Although Plaintiff Ervin Middleton, Jr. may represent himself in court, he is not a licensed attorney in the State of Nevada and, therefore, is not permitted to represent other persons in Nevada courts. Salman v. Newell, 885 P.2d 607, 608 (Nev. 1997), citing Supreme Court Rule 44; Martinez, 729 P.2d at 488, citing Supreme Court Rule 77 and Nev. Rev. Stat. 7.285. Nevertheless, Plaintiff purports to represent Plaintiffs Ann Gates Middleton, Tanita King, Robert John Koellmer, and Rosalinda R. Trajano in this action, claiming, without proof, that these individuals have given him power of attorney. (See Am. Compl, ECF No. 4.) "The power of attorney defined in NRS Chapter 162A does not circumvent NRS 7.285's prohibition on the unauthorized practice of law." Bailey v. Harris, Case No. 2:15-cv-02279-JAD-GWF, 2017 WL 2380169, *1 (D. Nev. May 31, 2017); Handley, 2010 WL 4607014 at *2.

Therefore, the Court must grant Defendant Wells Fargo's motion to dismiss because Nevada law clearly prohibits Middleton, a non-attorney, from representing any party in this action and Plaintiffs cannot delegate their right to self-representation in this matter under SCR 44 to another person who is not a licensed attorney, even under grant of a power of attorney. See Handley, 2010 WL 4607014 at *2. Further Middleton has not defended himself by filing points and authorities supporting his representation of all the plaintiffs. Merely arguing, falsely, that Defense counsel are not licensed attorneys does not support his burden. Accordingly, the complaint is dismissed without prejudice subject to Middleton's limitation on filing new complaints without prior authorization of the Court.[1]

III. Motion to Sanction Defendant as a Vexatious Litigant

As just noted by the Court, it has already deemed Defendant a vexatious litigant. The same sanction the Court applied in Middleton v. NV Energy applies in this action. The Court

---

[1] The Court notes that it has found Middleton to be a vexatious litigant, see Middleton v. NV Energy, 2:20-cv-00638-KJD-VCF, Doc. No. 35 (D. Nev. January 7, 2021).

carefully reviewed each of the six other actions Middleton has filed against Wells Fargo. Further, the Court reviewed in detail the thirty-seven other cases Middleton has filed in federal court, citations may be found attached to Wells Fargo's Motion to Sanction Ervin Middleton, Jr. as a Vexatious Litigant, Doc. No. 66, Exhibit A. The Court takes judicial notice of the dockets in those cases and particularly the findings of those courts. <u>See</u> Wells Fargo Bank, N.A.'s Reply in Support of Motion to Sanction, Doc. No. 73, Exhibit 1- Court Orders. No prior sanction imposed on Middleton has kept him from filing serial lawsuits, alleging the same facts against the same defendants. Accordingly, the Court grants the motion to sanction Middleton, dismisses his claims in this action with prejudice and sustains its prior ruling preventing Middleton from filing a new complaint without prior authorization of the court. <u>See</u> <u>Delong v. Hennessey</u>, 912 F.2d 1144 (9th Cir. 1990).

<u>IV. Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Consolidate Cases (#12) is **DENIED as moot**;

IT IS FURTHER ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' Complaint for Unauthorized Practice of Law (#39) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant HOA Collections, LLC's Motion to Set Aside Clerk's Entry of Default (#80) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant Wells Fargo's Motion to Sanction Ervin Middleton, Jr. as a Vexatious Litigant (#66) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiffs;

IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**.

DATED this 7th day of January 2021.

_____
The Honorable Kent J. Dawson
United States District Judge